CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 30, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KEITH EDWARD MOSS,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00457 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **GLENN YOUNGKIN, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Keith Edward Moss, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983 against Virginia Governor Glenn Youngkin and 30 other defendants. Moss claims that the defendants violated and/or conspired to violate his rights under federal and state law. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that the federal claims must be dismissed for failure to state a claim upon which relief may be granted, and the court declines to exercise supplemental jurisdiction over any remaining claims under state law.

**I.     Background**

According to the complaint, Moss is currently serving a total active sentence of more than 16 years imposed by the Circuit Court for the City of Lynchburg. See Compl. 19, ECF No. 1. The incidents giving rise to this action reportedly occurred in 2021, after Moss was arrested and detained on state charges. He seeks relief for alleged violations of his rights under the "First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution," as well as for alleged violations of state law. Id. at 4, 17.

In addition to Governor Youngkin, Moss names the following individuals as defendants: Virginia Senators John Edwards and Creigh Deeds; Virginia Judicial Inquiry and Review Commission Counsel Raymond Morrogh; the unidentified Chief Judge of the Supreme Court of Virginia; Lynchburg General District Court Judges Randy Krantz and Stephanie Maddox; Nick Vineall, who is identified as the "Chairman of the Commonwealth of Virginia State Bar Association"; Virginia State Bar employees James Bodie, Jane Fletcher, and Mary Martelino; Chief Public Defender Darrell Jordan; Chief Public Defender Aaron Boone; Public Defender Brad Lindsay; Virginia Attorney General Jason Miyares; Commonwealth's Attorney Bethany Harrison; Assistant Commonwealth's Attorney Marsha Calohan; Mayor Stephanie Reed; former Mayor Mary Jane Dolan; Chief of Police Ryan Zuidema; Police Officer M.D. Iazzi; Blue Ridge Regional Jail Authority (BRRJA) Administrator Tim Trent; former BRRJA Administrator Joshua Salmon; former BRRJA Site Administrator William Enochs; Lynchburg Adult Detention Center Officers Palmer, Bachelle, Gillispie, Strader, and McDonald; the unidentified "Chief Pretrial Service Counselor for the Commonwealth of Virginia"; the unidentified "Chief Pretrial Service Counselor for the City of Lynchburg"; Pretrial Service Officer Jennifer Peters; and former Virginia Governor Ralph Northam. Id. at 3–13. Allegations against each defendant are scattered throughout the 40-page complaint.

The court has reviewed all of the allegations. For the sake of brevity, however, the court will not recite all of the allegations here. Instead, the court will discuss the allegations relevant to each defendant in the discussion section below.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

## III. Discussion

**A. Constitutional Claims under Section 1983**

Moss commenced this action by filing a form complaint under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

3

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (internal quotation marks omitted).

### 1. Claims Against Calohan, Peters, Lindsay, Krantz, Maddox, Iazzi, and Harrison

Moss's first group of claims arises from criminal proceedings conducted in 2021. Moss claims (1) that Peters violated his Fourteenth Amendment right to due process by falsely stating under oath that she was his pretrial counselor and that he had not maintained contact with her; (2) that Calohan violated his right to due process "by procuring the false testimony"; (3) that Lindsay violated his right to due process by falsely claiming under oath to be his attorney; (4) that Judge Krantz violated his right to due process by failing to properly notify him of his right to counsel; (5) that Judge Krantz, Calohan, and Lindsay violated his right to due process by "forging" unspecified public records; (6) that Judge Krantz, Judge Maddox, Iazzi, Peters, Calohan, Lindsay, and Harrison maliciously prosecuted and conspired to maliciously prosecute him; and (7) that Judge Krantz's "unlawful sentencing order" violated his right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. Compl. 18–20, 23, 29–31. For the following reasons, the court concludes that these claims must be dismissed.

First, witnesses are absolutely immune from liability for testimony—even false testimony—provided in the course of a criminal proceeding. See Rehberg v. Paulk, 566 U.S.

4

356, 367 (2012) (citing Briscoe v. Lahue, 460 U.S. 325, 332–33 (1983)). Likewise, "prosecutors are absolutely immune from claims that they knowingly presented false testimony" during the course of a criminal proceeding. Savage v. Maryland, 896 F.3d 260, 270 (4th Cir. 2018); see also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992) (explaining that "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings is absolutely protected," as is the "[u]se of false testimony in connection with the prosecution"). Consequently, Moss has no viable claim against Peters or Calohan for providing or procuring false testimony.

For similar reasons, Moss has no viable claim against Lindsay for "swearing falsely under oath that he was [Moss's] attorney." Compl. 18. To the extent that the complaint can be read to assert that Lindsay provided false testimony during the course of a criminal proceeding, he is absolutely immune from liability for such testimony. And to the extent that Lindsay was acting as counsel for Moss at the time the statement was made, he was not a state actor for purposes of § 1983. See Polk Cnty. v. Dotson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Additionally, Judge Krantz and Judge Maddox are immune from liability for acts performed in their judicial capacities. "The Supreme Court has held that judges are absolutely immune from suit for deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A

5

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (internal quotation marks omitted). Here, there is no plausible suggestion that Judge Krantz or Judge Maddox acted outside their judicial capacities or in the clear absence of all jurisdiction. Accordingly, they are entitled to absolute immunity.

Similarly, Calohan and Harrison are entitled to "absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." Savage, 896 F.3d at 268 (quoting Imbler, 426 U.S. at 430). For instance, prosecutors act as an advocate when they evaluate evidence assembled by the police, decide to seek an arrest warrant, prepare or file charging documents, and present evidence at trial. Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018). Thus, to the extent that Moss is suing Calohan and Harrison for their roles in initiating and/or prosecuting charges against him, these defendants are entitled to absolute immunity.

Moreover, Moss fails to state a constitutional claim for malicious prosecution based on the various criminal charges for which he was convicted. See Compl. 19, 23 (alleging that defendants Iazzi, Krantz, Maddox, Lindsay, Calohan, and Harrison "participated in the malicious prosecution of the plaintiff which concluded with the plaintiff receiving a 16 ½ year active sentence"). "A claim of malicious prosecution under § 1983 is a claim founded on a

6

Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). "To state such a claim, a plaintiff must allege that the defendant (1) caused, (2) a seizure of the plaintiff pursuant to a legal process that unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). Because Moss does not allege that any of the defendants caused him to be seized without probable cause or that the resulting criminal proceedings terminated in his favor, he fails to state claim for malicious prosecution. Id. As a result, his claim that the defendants "conspired to maliciously prosecute [him]" is also subject to dismissal. See NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990) ("[T]he NAACP has failed to raise facts necessary to state a claim for malicious prosecution. In the absence of this underlying claim, the conspiracy claim under section 1983 must fail."); Shooting Point v. Cumming, 243 F. Supp. 2d 536, 538 (E.D. Va. 2003) ("Because a deprivation of a federal constitutional right is an essential element of a section 1983 conspiracy claim, plaintiffs' alleged section 1983 conspiracy claim of necessity was and must be dismissed.").

Finally, the court notes that the complaint provides no indication as to what "public records" were allegedly forged in violation of Virginia Code § 18.2-168. To the extent that Moss seeks relief under § 1983 based solely on a violation of this state criminal statute or any other state statute, he cannot do so because § 1983 only provides a remedy for a violation of federal law. See Lewellen v. Metro. Gov't, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies

7

available under state law are inadequate."). And to the extent that Moss claims that the "forgery . . . constituted a due process violation," Compl. 29, his vague and conclusory allegations are insufficient to state a plausible claim for relief.

For all of these reasons, the federal constitutional claims asserted against Calohan, Peters, Lindsay, Krantz, Maddox, Iazzi, and Harrison must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Claim of Excessive Force Against Enochs, Palmer, Bachelle, McDonald, Gillispie, and Strader

Moss next alleges that defendants Palmer, Bachelle, McDonald, Gillispe, and Strader, at the direction of defendant Enochs, "applied full body restraints and a shock device to [his] person to transport him to the legal proceeding" held on March 16, 2021. Id. at 20. He alleges that "Palmer maintained a finger on the activation trigger of the shock device" and that Palmer, Bachelle, McDonald, Gillispie, and Strader either physically held or stood close to him throughout the entire proceeding. Id. Moss claims that the officers' actions constituted excessive force in violation of his federal constitutional rights.[1]

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535–39 (1979)). To prevail on a claim of excessive force, a pretrial detainee must show "that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396–97 (2015). This

---

[1] Moss specifically references the Eighth Amendment's prohibition of cruel and unusual punishment. However, the Eighth Amendment only applies to claims of excessive force brought by convicted prisoners. Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015). Claims of excessive force by pretrial detainees are brought under the Due Process Clause of the Fourteenth Amendment. Id.

8

standard "turns on the facts and circumstances of each case," and various factors, including the following, "may bear on the reasonableness or unreasonableness of the force used":

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397 (internal quotation marks omitted).

Moss's complaint does not set forth facts sufficient to show that any of the named defendants used excessive force in violation of the Fourteenth Amendment. State court records available online indicate that Moss had been arrested on multiple charges of malicious wounding and assault and battery against a law enforcement officer.[2] While Moss may subjectively believe that the application of restraints and a shock device was excessive, he does not allege that he suffered any injury as a result of the defendants' actions, and his complaint is otherwise devoid of facts from which the court could reasonably infer that the defendants' actions were objectively reasonable under the circumstances. Accordingly, the claim of excessive force must be dismissed.

### 3. Claim of False Imprisonment Against Salmon and Enochs

Moss next asserts that he was "falsely imprisoned" at the Lynchburg Adult Detention Center "[w]ith the cooperation of defendants Joshua Salmon and William Enochs." Compl. 21. The court construes the complaint as attempting allege a violation of his rights under the Fourth Amendment. See Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (noting that

---

[2] See Commonwealth v. Moss, Nos. CR21000471-00–CR21000471-03, CR21000471-06–CR21000471-13, available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last visited Aug. 15, 2024).

9

claims of false arrest or false imprisonment are "essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and the seizure of an individual effected without probable cause is unreasonable." Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). "To state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that he was arrested without probable cause." Sowers v. City of Charlotte, 659 F. App'x 738, 739 (4th Cir. 2016); see also Case v. Eslinger, 555 F.3d 1317, 1330 (11th Cir. 2009) ("Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest.") (quoting Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996)).

Moss's complaint does not plausibly allege that he was arrested and detained without probable cause to believe that he had committed a crime. Accordingly, the complaint fails to state a claim of false imprisonment against Salmons or Enochs.

### 4. Claims Based on Magistrates' Refusal to Issue Requested Criminal Warrants

Moss alleges that he filed over 75 criminal complaints against employees of the Lynchburg Police Department and the Lynchburg Adult Detention Center, and that magistrates refused to issue warrants in response to the complaints. See Compl. 22, 24. He claims that defendants Harrison and Zuidema refused to "authorize a magistrate to issue a warrant," thereby violating his constitutional rights, including his right to equal protection under the Fourteenth Amendment. Id. at 33.

Moss's allegations fail to state a viable claim for relief for at least two reasons. First, "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, Moss has no cognizable constitutional claim based solely on the alleged refusal to authorize the issuance of the requested warrants. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981) (holding that "[t]he actions of the state officials, by which they influenced the decision of the State Solicitor to oppose issuance of the arrest warrants, . . . did not violate any judicially cognizable rights [of the inmates who applied for them]").

The complaint also fails to plausibly allege that Harrison or Zuidema violated his right to equal protection under the Fourteenth Amendment. To make out an equal protection claim, "a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." Equity in Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011). Moss's complaint fails to set forth sufficient factual allegations with respect to either element. Thus, the complaint fails to state a claim against Harrison or Zuidema arising from any alleged interference with his efforts to have criminal warrants issued against police officers and correctional officials.

### 5. Claims for Failure to Investigate Complaints Against Attorneys and Judges

For similar reasons, Moss's complaint fails to state a viable constitutional claim against the individuals employed by the Virginia State Bar or the Virginia Judicial Inquiry and Review

11

Commission (defendants Bodie, Fletcher, Martelino, and Morrogh). To the extent that Moss alleges that these defendants failed to investigate his complaints of misconduct on the part of attorneys and judges, he has "no independent constitutional right" to have allegations of wrongdoing investigated by government officials. Scher v. Chief Postal Inspector, 973 F.2d 682, 683 (8th Cir. 1992). To the extent that Moss also asserts that the defendants deprived him of equal protection, his complaint does not contain factual content sufficient to support that assertion. Accordingly, the complaint fails to state a plausible claim for relief under § 1983 against Bodie, Fletcher, Martelino, or Morrogh arising from their alleged failure to investigate his complaints.

### 6. Conditions of Confinement Claim

Moss next asserts that defendants Dolan, Salmon, and Enochs "consistently failed to oversee the operation of [the Lynchburg Adult Detention Center] under humane conditions." Compl. 27. Moss alleges that he was exposed to a "plethora of plumbing conditions" involving "toilets, showers, [and] sinks." Id.

The standard that applies to a claim challenging conditions of confinement depends on whether a plaintiff was a convicted inmate or a pretrial detainee at the time of the conditions at issue. The Eighth Amendment protects convicted inmates from cruel and unusual punishment and imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged

[was] objectively sufficiently serious." Id. (internal quotation marks and brackets omitted). "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. (internal quotation marks omitted). And to satisfy the subjective component, a plaintiff must demonstrate that defendants acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834. Specifically, the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and actually drew that inference. Id. at 837.

A pretrial detainee's claim of deliberate indifference to unsafe conditions of confinement or other risks of harm is governed by the Due Process Clause of the Fourteenth Amendment. See Short v. Hartman, 87 F.4th 593, 603–05 (4th Cir. 2023) (addressing a pretrial detainee's claim of deliberate indifference to serious medical needs). To state such claim, a pretrial detainee must plead facts sufficient to establish that he was subjected to a condition of confinement that posed a substantial risk of serious harm, that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed," and that "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm." Id. at 611; see also Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (adopting a similar test for conditions of confinement claims under the Due Process Clause of the Fourteenth Amendment); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (same).

Moss's complaint fails to state a cognizable violation of the Eighth Amendment or the Fourteenth Amendment. Although he references a "plethora of plumbing conditions," his complaint does not specifically describe the problems or set forth any facts from which the court could reasonably infer that the conditions at issue posed a substantial risk of serious harm. Likewise, the allegations in the complaint do not provide a plausible basis to conclude that any of the named defendants "consciously disregarded the risk that their action or failure to act would result in harm" or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Short, 87 F.4th at 611. Consequently, the complaint fails to state a claim for unconstitutional conditions of confinement against any of the named defendants.

### 7. Claim for Failure to Provide an Adequate Grievance Procedure

Moss alleges that he exhausted the grievance procedure available to inmates at the detention center and that administrators failed to "reasonably respond and/or respond" to grievances filed by Moss and other inmates. Compl. 21. Based on these allegations, Moss asserts "claims against the [detention center] administrators [for] failure to provide inmates with an adequate grievance procedure." Id. at 27.

Moss's allegations fail to state a claim upon which relief may be granted under § 1983. Under existing precedent, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Consequently, an inmate "cannot bring a § 1983 claim alleging denial of a specific grievance process." Id. Thus, the alleged denial of access to an adequate grievance procedure is not actionable under § 1983.

### 8. Additional Conspiracy Claims

Moss asserts that most, if not all, of the defendants conspired to violate his constitutional rights. See, e.g., Compl. 34 (alleging that defendants conspired to deny him access to the courts); id. at 35 (alleging that defendants conspired to silence him in violation of the First Amendment); id. at 36 (alleging that defendants conspired to punish him in violation of the Thirteenth Amendment); id. (alleging that defendants conspired to deprive him of his Sixth Amendment right to counsel).

To establish a civil conspiracy under § 1983, a plaintiff must allege facts indicating that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). The plaintiff's allegations "must, at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id. "Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the [conspiracy claim]." Brown v. Angelone, 938 F. Supp. 340, 346 (W.D. Va. 1996).

In this case, the complaint is devoid of factual allegations suggesting that an agreement or meeting of the minds existed between any of the defendants. Instead, Moss merely asserts, in a conclusory manner, that various defendants engaged in a "conspiracy." Such conclusory allegations are insufficient to state a claim upon which relief may be granted. Brown, 938 F. Supp. at 346; see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (explaining that "complaints containing only conclusory, vague, or general allegations that the

defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed") (internal quotation marks omitted). Therefore, the conspiracy claims asserted throughout the complaint are subject to dismissal.

### 9. Race Discrimination Claim

For similar reasons, the complaint fails to state a plausible claim of race discrimination under the Equal Protection Clause of the Fourteenth Amendment against any of the named defendants. The vague and conclusory references to racism on the part of former Governor Northam, former Mayor Dolan, and other defendants do not suffice to state a claim upon which relief may be granted. See Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (noting that "a valid claim for a violation of equal protection . . . must allege the requisite discriminatory intent with more than mere conclusory assertions").

### 10. Claims Against Supervisory Officials

Moss seeks to hold a number of defendants liable in their supervisory capacities. For instance, he claims that former Mayor Dolan "failed to oversee" law enforcement officers and jail administrators. Compl. 26. He claims that former Governor Northam "failed to oversee the plethora of unlawful conduct within the City of Lynchburg's local government." Id. at 27. He further asserts that the "failure to oversee" on the part of these defendants and other defendants violated his constitutional rights. Id. at 34.

To the extent that Moss seeks to hold defendants liable in their supervisory capacities for the actions or inactions of others, there can be no supervisory liability without an underlying constitutional violation. See Doe v. Rosa, 664 F. App'x 301, 304 (4th Cir. 2016) (citing Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991)). Even if Moss

16

had alleged facts sufficient to establish a violation of his constitutional rights, his claims of supervisory liability would still be subject to dismissal. As the Supreme Court has explained, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; see also id. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "[A] supervisor's mere knowledge that his subordinates are engaged in unconstitutional conduct is not enough" to hold a supervisor liable under § 1983. King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023). Instead, a plaintiff must show that each defendant, through the defendant's own individual acts, has violated the Constitution. Id. Consequently, "a complaint must contain specific allegations of each individual's conduct and state of mind." Id.

Moss's complaint does not satisfy these pleading requirements. His conclusory allegations that various defendants "failed to oversee" law enforcement officers, jail administrators, and other local government employees fail to state a cognizable claim for relief under § 1983. See id. (concluding that an inmate's "boilerplate" allegations against supervisory prison officials did not state a claim for relief); Hoffman v. Office of the State Att'y, 793 F. Appx. 945, 954 (11th Cir. 2019) ("Because the plaintiffs' claims of supervisory liability are supported by conclusory allegations, the complaint does not contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**11. Summary**

For these reasons, the court concludes that Moss's complaint fails to state a claim under § 1983 against any of the named defendants. Therefore, the § 1983 claims are subject to dismissal under 28 U.S.C. § 1915A(b)(1).

**B. Claims under State Law**

In light of the court's disposition of the federal claims asserted in the complaint, the court declines to exercise supplemental jurisdiction over any claims under state law and will dismiss those claims without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

### IV.  Conclusion

For the foregoing reasons, the court concludes that Moss's complaint fails to sate a cognizable claim under federal law against any of the named defendants. The federal claims are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1), and any claims under state law are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate order will be entered.

Entered: August 30, 2024

Mike Urbanski
Senior U.S.District
Judge
2024.08.30 10:10:01
-04'00'

Michael F. Urbanski
Senior United States District Judge